**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VISUAL INTERACTIVE PHONE
CONCEPTS, INC.,

    Plaintiff,

v.

Case No. 11-12945
Hon. Lawrence P. Zatkoff

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,

    Defendant.
                                  /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 28, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to stay proceedings pending reexamination [dkt 27].[1] The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion to stay is GRANTED.

---

[1] Due to a formatting error of Defendant's motion and reply brief, Defendant filed an amended motion and amended reply brief in a corrected format. *See* dkt 31 & 32. As such, this Opinion and Order also resolves Defendant's amended motion to stay proceedings pending reexamination.

## II. BACKGROUND

On July 7, 2011, Plaintiff, a Nevada corporation with a principal place of business in Staten Island, New York, filed this case against Defendant based on its alleged infringement of two patents held by Plaintiff. Plaintiff also filed five other cases based on the same two patents against similar corporations.[2] All five of these cases have been transferred to other districts based on stipulation of the parties or by order of the Court. Defendant is a telecommunications company that provides various mobile communication products and services to customers throughout the United States.

In Plaintiff's Complaint, it alleges that it owns United States Patent Nos. 5,606,361 ("the '361 patent") and 5,724,092 ("the '092 patent"). Both patents cover a system that allows a user to view products and services on a videophone.[3] The system includes the use of "a central data center for functions such as processing and dispensing information to and from purchasers and sellers, and allowed for the use of improved security safeguards for network transactions." Pl.'s Compl. ¶ 16. In 2008, reexamination requests were filed on both patents.[4] Following reexamination by the United

---

[2] These cases are: *Visual Interactive Phone Concepts, Inc. v. United States Cellular Corp.*, case No. 11-12313 (now pending in Northern District of Illinois, case No. 11-cv-05289); *Visual Interactive Phone Concepts, Inc. v. Cellco Partnership d/b/a Verizon Wireless*, case No. 11-12349 (now pending in District of New Jersey, case No. 11-cv-6180); *Visual Interactive Phone Concepts, Inc. v. Google, Inc.*, case No. 11-12348 (now pending in Northern District of California, case No. 3:11-cv-5766); *Visual Interactive Phone Concepts, Inc. v. AT&T Mobility, LLC*, case No. 11-13106 (now pending in Northern District of Georgia, case No. 1:11-cv-3960); and *Visual Interactive Phone Concepts, Inc. v. Apple, Inc.*, case no. 11-12310 (now pending in Northern District of California, case No. 11-cv-06328).

[3] Videophone is defined in the patents as "any device having the capabilities to receive video/voice and/or video/text as its primary function and which, in the future, may have additional capabilities added to it that will enable it to perform functions that a PC computer system performs today. Further, a videophone is defined to include cellular videophones or wireless videophones or all videophones integrated with additional PC technologies and similar capabilities."

[4] A reexamination request is filed with the PTO and provides reasons for why the relevant patent claims are invalid based on prior art that was not cited as a reference during the initial

States Patent and Trademark Office ("PTO"), "the patents were reaffirmed, with only minor amendments to the claims" in April and May of 2010. Pl's Compl. ¶ 20–23. Plaintiff alleges that Defendant's products and services infringe the '361 and '092 patents. Pl's Compl. ¶ 26–27.

Discovery in this case is in its initial stages. Pursuant to the Court's amended Scheduling Order, the parties are to exchange the patent claims to be construed by the Court on April 2, 2012, and a *Markman* hearing is scheduled for August 14, 2012. There is no trial date currently set as the parties and the Court have agreed to revisit the progress of this action after the *Markman* hearing.

Defendant submitted the '361 and '092 patents to the PTO for *ex parte* reexamination on December 15, 2011.[5] In January 2012, the PTO found that the cited prior art raised a substantial new question of patentability and granted reexamination of the '092 patent. At the same time, the PTO rejected claims of the '092 patent. The following month, the PTO also granted reexamination of the '361 patent, finding a substantial new question of patentability based on the prior art submitted to the PTO.

On February 21, 2012, Defendant filed the current motion requesting that the Court stay this matter pending the reexamination proceedings. Defendant claims that, given the strength of the prior art submitted to the PTO, the claims in the two patents may be cancelled or amended during the reexamination proceedings. As a result, Defendant asserts that a stay pending the outcome of

---

examination. A PTO patent examiner will then decide whether the claims in the patent are valid.

[5] The Court notes that there is ambiguity as to when Defendant requested reexamination of the patents. The request for reexamination applications state that they were submitted on December 15, 2011. Contrary to the applications, the PTO's office action granting the applications refer to the request for reexamination on the '092 patent as having been filed on December 27, 2011. The ambiguity has no bearing on the Court's conclusion, but, for purposes of this Opinion and Order, the Court will assume the applications were submitted on December 15, 2011.

3

the reexamination proceedings will simplify the asserted claims and damages and conserve judicial resources.

### III. LEGAL STANDARD

A district court has the sound discretion to manage its docket, including the power to stay a proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 258 (1936). This discretion extends to the issuance of a stay pending the reexamination of a patent by the PTO. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). There is a "liberal policy in favor of granting motions to stay" pending the outcome of a reexamination proceeding. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Equipements de Transformation IMAC v. Anheuser-Busch Cos., Inc.*, 559 F. Supp. 2d 809, 816 (E.D. Mich. 2008); *Donnelly Corp. v. Guardian Indus. Corp.*, No. 05-74444, 2007 WL 3104794, at *3 (E.D. Mich. Oct. 22, 2007).

When deciding whether a matter should be stayed pending reexamination of a patent, the Court should consider: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-cv-126, 2007 WL 772891, at *2 (W.D. Mich. Mar. 12, 2007) (citations omitted).

### IV. ANALYSIS

There are several advantages to staying a matter pending reexamination by the PTO. These include:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by

4

>   the PTO examination.
>
>   3.  In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
>   4.  The outcome of the reexamination may encourage a settlement without the further use of the Court.
>
>   5.  The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
>   6.  Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
>
>   7.  The cost will likely be reduced both for the parties and the Court.

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, 68 U.S.P.Q.2d. 1755, 1757 (E.D. Mich. 2003) (citations omitted).  Considering these advantages, the Court applies the *Magna Donnelly* factors.

**A.  Prejudice or Tactical Disadvantage to Plaintiff**

Plaintiff contends that it will be disadvantaged due to the lengthy delay that accompanies reexamination proceedings.  Plaintiff posits that if the Court is unsure of the reexamination proceedings' effect on this action, the Court could adjourn the claim construction hearing pending the outcome of the reexaminations, but all other fact discovery could proceed.

It is indisputable that staying this matter will result in delay.  According to statistics cited by the parties, the median time for resolution of a reexamination proceeding is 19.9 months, with an average of 25.6 months, which does not account for appeals.  The PTO's operating procedures evidence that the reexamination proceeding are expedited in the event a court has entered a stay pending the outcome.  Notwithstanding such delay, delay as a result of "the reexamination process does not constitute, by itself, undue prejudice." *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-

03116, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006).

Plaintiff's claim of prejudice is further undermined by the fact that the '361 and '092 patents were issued in 1997 and 1998, yet, Plaintiff does not actively practice the patents. Thus, the purported infringement does not appear to be affecting the marketability of any product sold by Plaintiff. If the action ultimately proceeds to trial, damages awarded as a result of Defendant's purported infringement can account for the time Defendant continued to practice the patents during the stay. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *4 (N.D. Cal. Oct. 11, 2011) (noting that a stay does not prejudice a patent owner because monetary damages adequately redress any infringement). Furthermore, Defendant's alleged infringing product has been sold in the market since June 30, 2010, yet Plaintiff delayed filing this case until July 7, 2011. And, Plaintiff has not moved for injunctive relief, which further supports a finding that a stay would not be unduly prejudicial. *See Equipements de Transformation*, 559 F. Supp. 2d at 816; *Magna Donnelly*, 2007 WL 772891, at *3; *VData, LLC v. Aetna, Inc.*, No. 06-1701, 2006 WL 3392889, at *5 (D. Minn. Nov. 21, 2006).

Moreover, Plaintiff's suggestion to adjourn the *Markman* proceeding, but proceed forward with fact discovery does not minimize the delay caused by entering a stay. First, and most obvious, adjourning the *Markman* proceeding until post-reexamination still halts the construction of claim terms, the filing of dispositive motions, and the setting of a trial date. Second, conducting discovery before resolution of the reexamination proceedings does not eliminate the possibility that the parties would then request additional discovery after the reexamination proceedings concluded because new issues arose during the proceeding. Third, the expense of discovery may be entirely eliminated depending on the outcome of the reexamination proceedings. Plaintiff's alternative scheduling still

places the case's progress at the behest of the reexamination proceedings. The Court therefore finds no advantage in following Plaintiff's suggestion to proceed forward with fact discovery rather than entering a stay.

As such, the Court finds that Plaintiff has not established that the issuance of a stay would cause Plaintiff undue prejudice. Further, there is no evidence that Defendant's conduct was designed to delay the proceedings. Defendant requested reexamination of the patents approximately six months after this case was filed and two months after the Court ordered scheduling conference. Accordingly, this factor weighs in favor of a stay.

**B. Simplification of Issues**

The issues in this case may be simplified as a result of the reexamination proceedings. The PTO has already rejected all claims of the '092 patent based on the submitted prior art. If the patent claims are amended or invalidated, the issues in this case will be modified or mooted. This action may resolve without any further use of the Court. *See Ralph Gonnocci Revocable Living Trust*, 68 U.S.P.Q.2d at 1757.

The Court acknowledges that invalidation of all of the patent claims is not a certainty, but any changes to the patent claims will affect the proposed claims that need construction by the Court. Given the probability that some changes will be made, it is an improvident use of the Court's time to interpret a phrase that is later modified during the reexamination proceeding, thus effecting the Court's construction.[6]  *See Pragmatus AV, LLC*, 2011 WL 4802958, at *4 ("Of those granted

---

[6] For example, the '361 and '092 patents were amended as result of a prior reexamination proceeding, the independent claims using the phrase "central data center" were amended to state that the central data center includes a processor "connected to a video storage center." A construction by the Court of "central data center" may be rendered meaningless after the amendment in light of the further limitations placed on the "central data center."

7

reexaminations, 44% of all *inter partes* reexamination proceedings between 1999 and June 30, 2011 resulted in all claims being canceled, 43% changed the claims, and only 13% confirmed all claims."). Depending on the record of the reexamination proceedings and the examiner's findings regarding the prior art, any defense by Defendant asserting that Plaintiff's patents are invalid due to prior art may be significantly undermined or eliminated. *See Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1364 (Fed. Cir. 1984); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787-88 (D. Colo. 2007). Additionally, the record formed as a result of the reexamination proceedings will greatly benefit the Court and the parties in this case. *See Donnelly*, 2007 WL 3104794, at *5–6; *Magna Donnelly*, 2007 WL 772891, at *3; *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000). For these reasons, this factor weighs in favor of a stay.

**C. Timing**

The final consideration is to assess the stage of this action, such as whether discovery has been completed or whether a trial date has been set. In analyzing this factor, courts routinely consider other relevant matters, including the status of pending motions and pretrial orders. *See 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, No. 06CV0253, 2008 WL 696888, at *2 (N.D. Ohio Mar. 12, 2008); *Broadcast Innovation, L.C.C. v. Charter Comms., Inc.*, No. 03-cv-2223, 2006 WL 1897165, at *8 (D. Colo. July 11, 2006).

This case was filed approximately eight months ago. Except for the instant motion, there are no other pending motions. According to Defendant, it filed the instant motion before either party has served written document requests or noticed depositions. Since the filing, however, Plaintiff has served Defendant with its first set of interrogatories and document requests. While a *Markman*

hearing has been scheduled, the deadline for dispositive motions has not been set and the Court has not set a trial date. Therefore, the Court finds that this case is at the early stage of litigation and "far more time and resources are yet to be devoted to the case." *eSoft*, 505 F. Supp. 2d at 789; *see also ASCII Corp.*, 844 F. Supp. at 1381; *Gonnocci*, 68 U.S.P.Q.2d. at 1758; *Softview*, 2000 WL 1134471, at *3.

It is an indisputable waste of judicial resources to hold a *Markman* hearing, rule on discovery and dispositive motions, and conduct a trial, all at great expense to the parties, when the PTO's decision could render these proceedings moot or substantially alter the claims being litigated. *See Softview*, 2000 WL 1134471, at *3. Staying the case during the pendency of the reexamination proceedings will diminish the parties' costs and conserve the Court's resources. As such, the Court finds that this factor also weights in favor of stay.

**D. Plaintiff's Request to Impose Conditions on Defendant**

Plaintiff argues that if the Court is inclined to grant a stay, such a stay should be conditional on the following:

    i.    Samsung will supplement its invalidity contentions with any newly discovered prior art known to it as of that date;

    ii.    Samsung will thereafter notify Plaintiff of any additional alleged prior art within 21 days of discovering it;

    iii.    Samsung will not file (or encourage others to file) any additional reexamination requests; and

    iv.    Samsung will not attempt to assert in this Court invalidity of the patents-in-suit based on *any* prior art submitted to the PTO in connection with *any* reexamination.

The Court declines to impose such restrictions upon Defendant. Plaintiff's conclusion that without such restrictions, Defendant will be able to file repeated reexamination proceeding requests,

thus keeping the patents in reexamination proceedings indefinitely, is misplaced.  The Court is only granting a stay as to these reexamination proceedings.  The Court further finds no reason to limit Defendant's right to defend against the allegations of infringement when this case proceeds.  If events occur in the future as Plaintiff hypothesizes, the Court can address those issues when they are ripe.  As the Supreme Court recognizes, however, there is a "public policy interest in removing invalid patents from the public arena."  *Smithkline Beecham Corp. v. Apotex Corp.*, 365 F.3d 1306, 1321–23 (Fed. Cir. 2004) (Garajsa, J., concurring).  Imposing these conditions on Defendant contradicts this public policy interest, and thus the Court declines to do so.

## V. CONCLUSION

After careful consideration of the relevant factors, the Court finds that the interests of justice are best served by the issuance of a stay.  Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to stay proceedings pending reexamination [dkt 27] and amended motion to stay proceedings pending reexamination [dkt 31] are GRANTED.  This matter is STAYED pending the PTO's reexamination of the '361 and '092 patents.

IT IS FURTHER ORDERED that Plaintiff provide notice to the Court when the reexamination proceedings conclude and the PTO issues its decisions on the '361 and '092 patents.  Upon notice by Plaintiff, the Court and the parties will address how this action shall proceed.

IT IS SO ORDERED.

          S/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2012

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 28, 2012.

                                  S/Marie E. Verlinde
                                  Case Manager
                                  (810) 984-3290

2:11-cv-12945-LPZ-LJM   Doc # 33   Filed 03/28/12   Pg 11 of 11   Pg ID 1067

11