UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISUAL INTERACTIVE PHONE
CONCEPTS, INC., a Nevada Corporation

                Plaintiff,      Case No. 2:11-cv-12945

vs.

                                    Hon. Lawrence P. Zatkoff

SAMSUNG TELECOMMUNICATIONS     Mag. Judge Laurie Michelson
AMERICA, LLC, a Delaware
limited liability company; SAMSUNG
INFORMATION SYSTEMS AMERICA,
INC., a California corporation; and
SAMSUNG ELECTRONICS AMERICA,
INC., a New York corporation,

                Defendants.

_____/

# MOTION BY MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C. FOR PERMISSION TO WITHDRAW AS LEAD COUNSEL AND FOR A 90-DAY STAY

For the reasons set forth in the enclosed brief in support, Mantese Honigman Rossman and Williamson, P.C. hereby requests an order permitting it to withdraw as lead counsel for Plaintiff, Visual Interactive Phone Concepts, Inc. ("VIPC") and for a 90-day stay to allow VIPC time to select new lead counsel.

          Respectfully submitted,

          MANTESE HONIGMAN ROSSMAN
            AND WILLIAMSON, P.C.
          Attorneys for Plaintiff

          _/s/Brendan H. Frey_____
          Gerard V. Mantese (P34424)
          Ian M. Williamson (P65056)
          Brendan H. Frey (P70893)
          1361 E. Big Beaver Rd.
          Troy, MI 48083
          gmantese@manteselaw.com
          iwilliamson@manteselaw.com
          bfrey@manteselaw.com

Dated: September 17, 2013

## BRIEF IN SUPPORT OF MOTION
## TO WITHDRAW AND FOR A 90-DAY STAY

### ISSUES PRESENTED

Mantese Honigman Rossman and Williamson, P.C. requests permission to withdraw as lead counsel for Plaintiff and for a 90-day stay of all proceedings in this case to allow VIPC time to select new lead counsel.

### CONTROLLING AND MOST APPROPRIATE AUTHORITY

Eastern District of Michigan Local Rule 83.25(2) ("An attorney may withdraw or be substituted for only on order of the court.")

Michigan Rule of Professional Conduct 1.16(b):

> [A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> \*\*\*
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

## CERTIFICATE OF INABILITY TO OBTAIN CONCURRENCE

I, Brendan Frey, certify that on September 16, 2013, in an effort to obtain concurrence with the relief requested, an e-mail exchange was held with Lauren Degnan, counsel for Defendants, wherein notice of the following motion was provided, including the relief requested, and concurrence was requested. I did not obtain concurrence in the relief sought.

                                                 _/s/Brendan H. Frey_____
                                                 Brendan H. Frey (P70893)
                                                 MANTESE HONIGMAN ROSSMAN
                                                      and WILLIAMSON, P.C.
                                                 Attorneys for Plaintiff

Dated: September 17, 2013

## FACTS AND LEGAL ARGUMENT

Mantese Honigman Rossman and Williamson, P.C. ("MHRW"), lead counsel for Plaintiff Visual Interactive Phone Concepts, Inc. ("VIPC"), hereby moves to withdraw as counsel for Plaintiff and for a 90 day stay of this case to allow VIPC time to select new lead counsel.

This motion is based on Michigan Rule of Professional Conduct 1.16(b) and Eastern District of Michigan Local Rule 83.25(b).

Rule 1.16(b) permits withdrawal in any situation where withdrawal may be accomplished without material adverse effect on the interests of the client. This case is in the early stages of discovery. A scheduling order was just recently entered, on September 10, 2013, and Plaintiff served its preliminary infringement contentions the same day. No discovery requests have been exchanged since the filing of Plaintiff's First Amended Complaint, and no depositions have been scheduled. A *Markman* hearing is not scheduled to occur until April 2014. Thus, given the early stages of this case, MHRW's withdrawal will have no material adverse impact on Plaintiff.

Even if withdrawal would have material adverse effect on the interests of the client, a lawyer may withdraw pursuant to Rule 1.16(b)(5) "when the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." During the course of this

litigation, it has become clear that Plaintiff and MHRW have significant differences of opinion with respect to several key issues affecting the case. As a result, the attorney-client relationship has broken down. Persistent and unresolved conflict makes it unreasonably difficult for MHRW to effectively represent Plaintiff.

Further, even if withdrawal would have material adverse effect on the interests of the client, a lawyer may withdraw pursuant to Rule 1.16(b)(6) "when other good cause for withdrawal exists." In this case, Plaintiff has been provided with more than three weeks notice of MHRW's intent to withdraw and an opportunity to re-consider issues of conflict between MHRW and Plaintiff. After consideration, Plaintiff has stated that it agrees MHRW should withdraw. Further, the employment agreement permits MHRW to withdraw for, *inter alia*, "any other reason permitted or required under the rules of professional conduct governing the legal profession." Finally, due to a breakdown in the attorney-client relationship, MHRW believes the Court will find Plaintiff will be better served by different attorneys.

Plaintiff has asked MHRW to request a 90-day stay upon withdrawal to allow VIPC ample opportunity to obtain new lead counsel in this matter.

## CONCLUSION

For the foregoing reasons, MHRW requests an order permitting it to withdraw as lead counsel and for a 90-day stay to allow VIPC an opportunity to select new lead counsel.

                                              Respectfully submitted,

                                              MANTESE HONIGMAN ROSSMAN
                                                 AND WILLIAMSON, P.C.
                                              Attorneys for Plaintiff

                                             _/s/Brendan H. Frey_____
                                             Gerard V. Mantese (P34424)
                                             Ian M. Williamson (P65056)
                                             Brendan H. Frey (P70893)
                                             1361 E. Big Beaver Rd.
                                             Troy, MI 48083
                                             gmantese@manteselaw.com
                                             iwilliamson@manteselaw.com
                                             bfrey@manteselaw.com

Dated: September 17, 2013

## CERTIFICATE OF SERVICE

I, Brendan H. Frey, hereby certify that on September 17, 2013, I caused the foregoing motion to be filed using the Court's CM/ECF system which will provide service on all counsel of record.

                                                /s/Brendan H. Frey
                                                     Brendan H. Frey

Dated: September 17, 2013